EMILY R. MOLLER, as Ancillary Administratrix, etc., of HAROLD G. MOLLER, Deceased, Appellant, v. MAUD E. W. MOLLER PAULIVICO, Respondent.

First Department, March 20, 1925.

**Deeds — action to recover alleged unpaid balance due on sale of property by plaintiff's intestate — deed recited one dollar and other good and valuable considerations — complaint demands reasonable value on implied promise — presumption that more than one dollar was to be paid — evidence that deed was given for love and affection must be clear — evidence shows sale was for money — recital in deed does not bar proof that consideration was not paid — defendant barred by Civil Practice Act, § 347, from testifying as to consideration — such evidence would vary terms of deed — estate of grantor insufficient to pay his debts — plaintiff may recover.**

An administratrix may recover on an implied promise the reasonable value of real property sold and deeded by her intestate to his sister by a bargain and sale deed, where it is shown that the grantee paid only one dollar on the

delivery of the deed and has never paid anything more, and that the deed recited the consideration to be one dollar and other good and valuable considerations, for, since the bargain and sale recited in the deed was for a good and valuable consideration, the presumption arose that a consideration was to be paid the grantor in addition to the one dollar mentioned therein.

The defense that the deed was given in consideration of love and affection, which must be sustained by clear and convincing proof, was not established, but, on the contrary, the evidence shows that the defendant purchased the property for a valuable consideration which has not been paid.

The grantee was prevented by section 347 of the Civil Practice Act from testifying that the consideration for the deed was love and affection between herself and her brother, the grantor, and furthermore, that evidence would be objectionable since it would vary the terms of the deed which recited a valuable consideration. Another element to be considered was the fact that at the time of the grantor's death his estate was not sufficient to pay his creditors without the consideration which the grantee impliedly promised to pay.

MERRELL, J., dissents.

APPEAL by the plaintiff, Emily R. Moller, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of July, 1923, upon the verdict of a jury rendered by direction of the court.

*E. C. Crowley* [*Edward E. Hoenig* of counsel], for the appellant.

No appearance for the respondent.

McAVOY, J.:

The suit here was brought by the administratrix of the estate of Harold G. Moller, deceased, to recover the sum of $3,599, which is claimed to be the unpaid balance of the purchase price of certain real estate situated in Bayville, Ocean county, N. J. The decedent conveyed these premises by bargain and sale deed to his sister, Maud E. W. Moller Paulivico on the 8th of November, 1915, the consideration being recited as one dollar and other good and valuable considerations. There was no dispute that the reasonable value of the premises was three thousand six hundred dollars and that defendant paid nothing to her brother on account of the purchase price, except one dollar as nominal consideration for the transfer.

Plaintiff, as administratrix, demands in her complaint the reasonable value of the premises upon defendant's alleged implied promise to pay therefor, and the rule doubtless is that since nothing was paid for the premises, there was an implied promise upon the part of the person receiving the bargain and sale deed to make a reasonable payment in accordance with the value of the land. Since there was a bargain and sale of the premises recited in the deed to be for a good and valuable consideration, a presumption arises that the consideration was to be paid the grantor, in addition

to the one dollar therein mentioned. To overcome this presumption and establish that the conveyance was limited to merely a good consideration, such as love and affection, there must be very clear and convincing proof such as would satisfy the court that the intent of the now deceased grantor was a transfer of the property without an exchange of anything of value.

Defendant herself indicates in a letter she wrote to the plaintiff that she did not receive the premises as a gift from her brother, but had bought the same. The letter reads as follows:

" *Dec. 1st,* 1915.

" Mrs. EMILY ROGERS MOLLER:

" DEAR MADAM.— As I bought from my brother, Mr. Harold Moller, before his death the farm, and everything on it and in it, with the exception of what is yours, I wish to say that you enter the premises at your own risk without my consent. On December the 10th I wish you would come and get your things as I will be there. Mr. Ward and all others that are there now are employed by me.

" Very truly yours,
" MAUD MOLLER,
" 601 West 168th St.

" P. S. I have the deed which was recorded in Tom's River."

This letter portrays defendant's own concept of the nature of the transaction as one of sale and not of gift.

The recital in the deed of acknowledgment of receipt of the consideration does not prevent proof that the consideration did not, in fact, pass, and here the defendant herself in her testimony admits that she paid nothing for the property other than the one dollar recited as paid in the deed. Nor could defendant have proven by her own testimony that the consideration for the grant of the land to her by deed was love and affection. Her evidence in this regard would have been that of an interested witness concerning a personal transaction with a decedent against an administratrix of such deceased person which testimony is prohibited under section 829 of the Code of Civil Procedure, now section 347 of the Civil Practice Act. Such evidence would also be objectionable because it would vary the precise terms of a written instrument which recited a valuable consideration as the basis of the transfer. It is also in proof that at the time of decedent's death the property actually on hand belonging to his estate was less than the amount of the decedent's debts. Decedent died on November 23, 1915, and the deed was given on November 8, 1915. Acquiring this property, therefore, for a consideration of love and affection, when decedent's debts were greater than decedent's assets, would not be

in accord with the public policy of the State to prevent such transfer as against the rights of creditors and its effect would be nullified in a suit for that purpose by any creditor interested. It appears from the nature of the evidence and the inferences to be derived from the instruments and the nature of the transaction that a promise to pay for the land a reasonable sum based upon its value should have been implied, and, therefore, the judgment should be reversed, with costs, and judgment rendered for the, plaintiff for $3,599, with interest thereon from the 8th day of November, 1915, the date of the deed, and with costs.

DOWLING, MARTIN and BURR, JJ., concur; MERRELL, J., dissents.

Judgment reversed, with costs, and judgment directed in favor of plaintiff for $3,599, with interest thereon from November 8, 1915, and with costs.